The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before former Deputy Commissioner Laura K. Mavretic. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with the modifications of Findings of Fact No. 7 and Award No. 1.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Cigna Insurance Company was the compensation carrier on the risk.
4. On June 27, 1991, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer.
5. Plaintiff's average weekly wage was $294.00, yielding a compensation rate of $196.01.
6. Plaintiff was paid temporary total disability compensation by defendant-employer from February 13, 1992 through January 28, 1994, at which time a Form 24 Application to Stop Payment of Compensation was approved by the Commission.
7. Defendant-employer reinstated payment of temporary total disability compensation to plaintiff as of May 3, 1994.
8. The following documents were stipulated into evidence:
a. All medical records for plaintiff.
 b. Industrial Commission Form 24 with the following attachments:
(1) Letter of January 4, 1994, from Clifton M. Cates.
(2) Letter of September 9, 1993, from Clifton M. Cates.
(3) Letter of June 28, 1993, from Clifton M. Cates.
(4) Medical note of July 26, 1993, from Dr. Nelson Macedo.
(5) Letter of November 19, 1993, from Dr. William Lestini.
(6) Letter of December 7, 1993, from Ross Donnelly.
The issue for determination is whether plaintiff was entitled to receive temporary total disability benefits from January 29, 1994 through May 2, 1994.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing in this matter, plaintiff was 29 years old. He was employed as a materials handler at defendant-employer. His job duties required him to move barrels of metal weighing up to 300 pounds which were used in the manufacture of keys.
2. On June 27, 1991, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer when he fell over a 25 pound hand jack. As the result of the compensable incident, plaintiff has mild disk bulging at L5-S1 and L4-L5.
3. Plaintiff received conservative medical treatment from Dr. J.T. Bloem, Dr. Ira Hardy, Dr. Nelson Macedo and several other physicians. In April of 1992 Dr. Macedo released plaintiff to return to light duty with restrictions of no lifting, pushing, pulling, or carrying over twenty-five pounds and no work in one position for over two hours. Following the compensable incident, plaintiff was in and out of work three or four times with defendant-employer.
4. Plaintiff first sought treatment from Dr. William Lestini, an orthopaedic surgeon, on June 22, 1993. At that time, plaintiff's pain response did not correlate with the objective findings of the CT discogram. Plaintiff had mild disk bulging and diffuse sensory loss with no significant nerve root tension signs and no significant Waddell signs. Based on these findings, Dr. Lestini maintained conservative treatment through 1993 and the spring of 1994. Plaintiff was released to return to work in late August 1993 without restrictions.
5. In April 1993, plaintiff contacted defendant-employer expressing his desire to return to work.
6. In September 1993, defendant-employer initiated discussions with plaintiff and Ross Donnelly, the rehabilitation specialist assigned to plaintiff, concerning a return to work. On December 9, 1993, defendant-employer offered plaintiff the position of Machine Operator I, which involved stamping personalized keys and which had been approved by Dr. Lestini and Dr. Macedo. Despite contact by Clifton Cates, defendant-employer's personnel manager, and Mr. Donnelly, plaintiff failed to respond to the job offer.
7. Plaintiff refused to return to the position as offered because he did not believe that he could perform the job duties due to the pain he was experiencing. However, plaintiff did not even attempt to do the job. Plaintiff did not even respond to defendants' letter offering him a light-duty position. In the opinion of the undersigned, plaintiff did not justifiably refuse this offered position, which was suitable to his capacity to earn wages.
8. At plaintiff's insistence due to his level of pain, on May 3, 1994, Dr. Lestini performed a fusion at L5-S1, at which time defendant-employer recommenced payment of temporary total disability compensation to plaintiff. At the time of the hearing plaintiff had not reached the end of the healing period and had not received a rating for any permanent functional impairment of his back.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. If an injured employee refuses employment procured for him which is suitable to his capacity, he is not entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the Commission such refusal was justified. N.C. Gen. Stat. § 97-32.
2. In the opinion of the undersigned, plaintiff's refusal to accept the employment procured for him by defendant-employer in December 1993 was not justified. Id.
3. Pursuant to the provisions of the North Carolina Workers' Compensation Act, plaintiff is not entitled to compensation during the period from January 29, 1994 through May 2, 1994. Id.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Under the law, plaintiff's claim for benefits from January 29, 1994 through May 2, 1994, must be and the same is hereby DENIED.
2. All issues regarding further temporary total disability benefits or permanent partial disability benefits are hereby deferred for subsequent determination.
3. Each side shall bear its own costs.
FOR THE FULL COMMISSION
 S/ ______________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ______________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ______________________________ EDWARD GARNER, JR. DEPUTY COMMISSIONER
CMV/cnp/mj 9/14/95